| | |
|---|---|
| BRENDA CHICHARELLO,<br><br>      Plaintiff,<br><br>vs.<br><br>U.S. Department of the Interior; Secretary of Indian Affairs, Sally Jewel; Director of Bureau of Indian Affairs, Bryan Rice; Director of Indian Education, Tony Dearman; Navajo Nation Department of Diné Education, Superintendent of Schools, Dr. Patricia Gonnie; Gallup McKinley County School, Superintendent, Mike Hyatt,<br><br>      Defendants. | No. 1:20-cv-01070-MV-JHR |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on the Navajo Nation Defendants' (Navajo

Nation Department of Diné Education ("DODE") and Patricia Gonnie, Superintendent of

Schools) motion to dismiss the claims against them under Fed. R. Civ. P. 12(b)(1) and

12(b)(6) (ECF No. 19). Upon consideration thereof, the court finds that the motion is

well-taken and should be granted.

## Background

This case arises from Plaintiff Brenda Chicharello's removal from the Indian

Education Committee ("IEC" or "Committee") for the Tobe Turpen Elementary School in Gallup, New Mexico, allegedly in violation of her civil rights. The Johnson-O'Malley Act ("JOM") entitles states, school districts, and tribal organizations that serve Indian students to apply for contracts to fund programs designed to meet the specific educational needs of American Indian and Alaska Native students. 25 U.S.C. § 5342. The Act also authorizes IECs, sometimes called Indian Parent Committees or IPCs, to partner with schools and school districts that receive JOM funding in order to develop and implement these supplemental educational programs. 25 U.S.C. § 5346.

Plaintiff was a member of the Tobe Turpen Elementary School IEC for several years. In October 2017, the IEC voted in favor of her removal at a regular meeting. Plaintiff contends that IEC Officers and Gallup McKinley County School District Administrators failed to provide her with advance notice that the IEC planned to vote on her removal at the meeting or to provide evidence or allow debate on the issue. ECF No. 1. She further contends that her removal was invalid because (1) the IEC bylaws do not provide for the removal of an IEC member and (2) the IEC did not follow the complaint process set forth in its bylaws. ECF No. 1. Plaintiff alleges that she sought assistance from the Navajo Nation DODE and the Navajo Nation Johnson-O'Malley Program ("NNJOM") in remedying her allegedly illegal removal from the IEC but received no response. After receiving no response from the tribal agencies, Plaintiff contacted officers of the Bureau of Indian Education, who informed Plaintiff that the agency could not help her. ECF No. 1.

On October 16, 2020, Plaintiff filed a pro se[1] civil rights complaint against various

tribal, federal, and county officials, including the Navajo Nation DODE and its

Superintendent of Schools, Dr. Patricia Gonnie.[2]  ECF No. 1.  The Navajo Nation

Defendants moved to dismiss the claims against them on February 10, 2021.  ECF No.

19.

**Discussion**

The Navajo Nation Defendants move to dismiss the claims against them under

Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff fails to establish jurisdiction over the

tribal officers under 28 U.S.C. § 1343(a)(3) and fails to state a claim against them under

42 U.S.C. § 1983.

Section 1343(a)(3) establishes federal district court jurisdiction over civil actions

involving deprivations of federal civil rights under color of state law.  28 U.S.C. §

1343(a)(3).  Here, the Navajo Nation Defendants make a facial challenge to the

sufficiency of Plaintiff's allegations concerning subject matter jurisdiction under Section

1343(a)(3), rather than "challeng[ing] the facts upon which subject matter jurisdiction

depends."  E.F.W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1303 (10th Cir.

---

[1] Plaintiff has since retained counsel but has not filed an amended complaint.  This court
requested counsel for Plaintiff respond to the Navajo Nation Defendants' motion to
dismiss or indicate that a response would not be forthcoming.  ECF No. 32.  This request
has gone unanswered.
[2] The complaint originally named the prior Superintendent, Dr. Tommy Lewis, but the
court granted the Navajo Nation Defendants' motion to substitute Dr. Gonnie for Dr.
Lewis.  ECF No. 31.

2001) (quotation omitted).  Accordingly, we accept Plaintiff's allegations as true for

purposes of this motion.  Id. at 1303.

Plaintiff's complaint fails to establish federal subject matter jurisdiction over the

claims against the Navajo Nation Defendants because it fails to allege that they deprived

her of a federal right or acted under color of state law.  Plaintiff's allegations against the

Navajo Nation Defendants are minimal.  She contends that the DODE and NNJOM failed

to respond to her requests for assistance after her allegedly illegal removal from the IEC.

While Plaintiff alleges that the removal violated her due process rights, she does not

allege that the Navajo Nation Defendants were involved in the removal or that their

actions independently deprived her of any federal right.  Accordingly, even construing

Plaintiff's pro se complaint liberally as the court must, Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991), these allegations do not establish jurisdiction under Section

1343(a)(3) over the claims against the Navajo Nation Defendants.

In addition, Plaintiff's failure to allege that the Navajo Nation Defendants acted

under color of state law independently defeats subject matter jurisdiction under Section

1343(a)(3).  Action under state law requires that a defendant "exercise[] power possessed

by virtue of state law and made possible only because the wrongdoer is clothed with the

authority of state law."  David v. City & Cty. of Denver, 101 F.3d 1344, 1353 (10th Cir.

1996) (quoting West v. Atkins, 487 U.S. 42, 49 (1988)).  Plaintiff's complaint contains

no allegations that the Navajo Nation Defendants acted with a "'badge' of state

authority."  Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995).  Absent such allegations,

tribal officers are presumed to be acting under tribal authority and are protected by sovereign immunity. See E.F.W., 264 F.3d at 1305–06. Plaintiff has failed to carry her burden of pleading that these defendants acted under color of state law and has therefore failed to establish subject matter jurisdiction under Section 1343(a)(3).

The lack of subject matter jurisdiction over the claims against the Navajo Nation Defendants requires that the claims be dismissed without prejudice. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219–20 (10th Cir. 2006). However, Plaintiff's complaint also fails to state a § 1983 claim against the Navajo Nation Defendants for the same reasons it fails to establish jurisdiction under § 1343(a)(3). To state a claim under § 1983, a plaintiff must allege the violation of a federally protected right "committed by a person acting under color of state law." West, 487 U.S. at 48. As discussed above, Plaintiff failed to adequately plead either that the Navajo Nation Defendants deprived her of a federal right or that they acted under color of state law.

NOW, THEREFORE, IT IS ORDERED that the Navajo Nation Defendants' Motion to Dismiss (ECF No. 19) filed February 10, 2021, is granted and the claims against them are dismissed without prejudice.

DATED this 11th day of May 2021 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:
Jason Searle, Louis Irie Mallette, IV, Navajo Nation Department of Justice Litigation Unit, Window Rock, Arizona; Elizabeth L. German, Mary Keleher Castle,

GermanBurnette & Associates, LLC, Albuquerque, New Mexico for the Defendants.

David R. Jordan, Law Offices of David R. Jordan, P.C., Gallup, New Mexico for Plaintiff.