UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BRENDA CHICHARELLO,<br><br>  Plaintiff,<br><br>vs.<br><br>U.S. Department of the Interior; Secretary of Indian Affairs, Sally Jewel; Director of Bureau of Indian Affairs, Bryan Rice; Director of Indian Education, Tony Dearman; Navajo Nation Department of Diné Education, Superintendent of Schools, Dr. Patricia Gonnie; Gallup McKinley County School, Superintendent, Mike Hyatt,<br><br>  Defendants. | No. 1:20-cv-01070-PJK-JHR |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on the Federal Defendants' (United States Department of the Interior;[1] Secretary of the Interior, Deb Haaland; Director of the Bureau of Indian Affairs, Darryl LaCounte; and Director of the Bureau of Indian Education, Tony Dearman)[2] Motion to Dismiss the claims against them under Fed. R.

---

[1] Plaintiff's Amended Complaint filed without leave of court drops the Department of the Interior as a defendant.

[2] Pursuant to Fed. R. Civ. P. 25(d), Deb Haaland has been substituted for her predecessor, Sally Jewell, and Darryl LaCounte has been substituted for his predecessor, Bryan Rice.

Civ. P. 12(b)(1) and 12(b)(6) filed April 30, 2021 (ECF No. 34).[3] The court finds that the Federal Defendant's Motion to Dismiss is well-taken and should be granted.

## Background

This case arises from Plaintiff Brenda Chicharello's removal from the Indian Education Committee ("IEC") for the Tobe Turpen Elementary School in Gallup, New Mexico, allegedly in violation of her civil rights. The Johnson-O'Malley Act ("JOM") entitles states, school districts, and tribal organizations that serve Indian students to apply for contracts to fund programs designed to meet the specific educational needs of American Indian and Alaska Native students. 25 U.S.C. § 5342. The Act also authorizes IECs, sometimes called Indian Parent Committees or IPCs, to partner with schools and school districts that receive JOM funding in order to develop and implement these supplemental educational programs. 25 U.S.C. § 5346.

Plaintiff was a member of the Tobe Turpen Elementary School IEC for several

---

[3] Plaintiff's Motion to Permit Amendment filed May 21, 2021 (ECF No. 40) remains pending. At the May 27, 2021 status conference, the court noted that the motion was deficient under D.N.M. LR-Cv. 15.1 because it did not include a proposed amended complaint. In view of the federal policy favoring amendment, see Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009), the court allowed Plaintiff until June 3, 2021 to file a proper motion accompanied by a proposed amended complaint. ECF No. 44. The court withheld ruling on the Federal Defendants' Motion to Dismiss in the interim. On June 3, 2021, Plaintiff filed an "Amended Complaint," ECF No. 45, notwithstanding that leave of court would be required to do so. Fed. R. Civ. P. 15(a)(2). Plaintiff's original Motion to Permit Amendment acknowledged that the pro se complaint failed to adequately state a claim against the Federal Defendants. ECF No. 40 at 1. Even had it been properly filed, the Amended Complaint does not cure the issues discussed in this order with respect to the claims against the Federal Defendants.

years.  In an October 2017 meeting, the IEC voted in favor of her removal.  Relevant here, Plaintiff sought assistance from Director Tony Dearman and Program Specialist Angela Barnett of the Bureau of Indian Education in remedying her allegedly illegal removal from the IEC.  Ms. Barnett informed Plaintiff that the Bureau of Indian Affairs and Bureau of Indian Education do not get involved in IEC decisions and that her only recourse was through the IEC's grievance procedures or the Tribe's Education Department.

On October 16, 2020, Plaintiff filed a pro se civil rights complaint against various Navajo Nation, federal, and county officials, seeking $170,000 in damages.  ECF No. 1.  The court granted the Navajo Nation Defendants' motion to dismiss on May 11, 2021.  ECF No. 35.  The Federal Defendants moved to dismiss the claims against them on April 30, 2021.  ECF No. 34.

## Discussion

The Federal Defendants move to dismiss the claims against them under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff fails to state a claim under 42 U.S.C. § 1983 and fails to establish subject matter jurisdiction because her claims are barred by sovereign immunity.

**A. Failure to State a Claim**

Section 1983 provides a remedy against state actors who violate a person's federal rights while acting under state authority.  Big Cats of Serenity Springs, Inc. v. Rhodes, 843 F.3d 853, 869 (10th Cir. 2016).  It does not permit similar claims against federal

officials. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). It also does not authorize suits against federal agencies. Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011); D'Addabbo v. Obama, 530 F. App'x 828, 829 (10th Cir. 2013) (unpublished). Therefore, to the extent Plaintiff alleges a § 1983 claim against the Federal Defendants, Plaintiff fails to state a claim for which relief can be granted.

To the extent Plaintiff's complaint can be construed to raise Bivens claims against the Federal Defendants,[4] the complaint still fails to state a claim. A Bivens action permits a plaintiff to seek damages for unconstitutional conduct by federal officials. Big Cats, 843 F.3d at 858. This action is "the federal analog" to Section 1983 suits against state officials. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citation omitted). Like Section 1983 claims, Bivens claims cannot be brought against federal agencies. Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009). Moreover, Bivens claims can only be asserted against federal officials in their individual, rather than official, capacities. Id.

Assuming Plaintiff has named the federal officials in their individual capacities, Plaintiff's allegations do not support a Bivens claim. As the Supreme Court made clear in Ziglar, Bivens actions are generally limited to the claims the Court has recognized in the past. 137 S. Ct. at 1860. These do not include the types of claims Plaintiff raises in the complaint regarding federal officials' failure to intervene in IEC matters. See id. Indeed, Bivens actions are "not 'a proper vehicle for altering an entity's policy.'" Id.

---

[4] The Amended Complaint filed without leave of court invokes Bivens expressly. ECF No. 45 at 1.

- 4 -

(citation omitted).

Moreover, Plaintiff has failed to allege that any of the individual federal defendants engaged in conduct that violated the Constitution.  In order to state a Bivens claim, the complaint must "identify specific actions taken by particular defendants" that violated Plaintiff's constitutional rights.  Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532 (10th Cir. 1998).  The complaint contains no allegations regarding Secretary Haaland or Director Rice.  As to Director Dearman and Program Specialist Barnett, the complaint simply alleges that they informed Plaintiff they were unable to intervene in matters regarding the IEC.  ECF No. 1 at 6; ECF No. 45 at 7.  Plaintiff does not allege that these defendants violated her constitutional rights, nor does she make allegations that could support such a claim.  Accordingly, she has failed to state a Bivens claim against any of the Federal Defendants.

### B. Subject Matter Jurisdiction

Based on the complaint, it appears that Plaintiff intended to name the individual federal defendants in their official capacity, as all the allegations in the complaint that relate to the Federal Defendants involve actions taken "in their official capacity as agents of the United States."  See Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).  Actions against federal agencies and federal officials in their official capacities are in fact suits against the United States.  Id.  Absent an applicable waiver of sovereign immunity, such suits are barred by sovereign immunity and courts lack jurisdiction over them.  Iowa Tribe of Kansas & Nebraska v. Salazar, 607 F.3d 1225, 1232 (10th Cir. 2010).

Plaintiff does not identify any specific waiver of sovereign immunity applicable to the claims involving these defendants but invokes jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.[5]  However, neither jurisdictional statutes nor the existence of constitutional tort claims amount to a waiver of sovereign immunity. Lonsdale v. United States, 919 F.2d 1440, 1443–44 (10th Cir. 1990); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999).  Nor do the limited waivers of sovereign immunity in the Administrative Procedure Act (APA) or the Federal Tort Claims Act (FTCA) provide this court jurisdiction.  Plaintiff references the APA in her pro se complaint.  ECF No. 1 at 4.  However, the APA waives sovereign immunity only with respect to claims that do not seek money damages, as Plaintiff does here.  Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1140 (10th Cir. 1999).  And the FTCA does not waive sovereign immunity for the constitutional tort claims Plaintiff asserts.  See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994).  Therefore, to the extent Plaintiff asserts claims against the Federal Defendants in their official capacities, such claims are barred by sovereign immunity and the court therefore lacks subject matter jurisdiction over them.

NOW, THEREFORE, IT IS ORDERED that the Federal Defendants' Motion to Dismiss filed April 30, 2021 (ECF No. 34), is granted and the claims against them are dismissed without prejudice.

---

[5] The Amended Complaint also invokes jurisdiction pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  ECF No. 45 at 1.

DATED this 9th day of June 2021 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Christine Hyojin Lyman, Assistant U.S. Attorney and Fred J. Federici, Acting United States Attorney, Albuquerque, NM for the Federal Defendants.

David R. Jordan, Law Offices of David R. Jordan, P.C., Gallup, New Mexico for Plaintiff.