UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BRENDA CHICHARELLO,<br><br>         Plaintiff,<br><br>vs.<br><br>U.S. Department of the Interior; Secretary of Indian Affairs, Sally Jewel; Director of Bureau of Indian Affairs, Bryan Rice; Director of Indian Education, Tony Dearman; Navajo Nation Department of Diné Education, Superintendent of Schools, Dr. Patricia Gonnie; Gallup McKinley County School, Superintendent, Mike Hyatt,<br><br>         Defendants. | No. 1:20-cv-01070-PJK-JHR |

**ORDER DENYING MOTION TO PERMIT AMENDMENT**

THIS MATTER came before the court on Plaintiff's Motion to Permit Amendment, filed May 21, 2021 (ECF No. 40).

As the court noted at the May 27, 2021 status conference, Plaintiff's Motion to Permit Amendment was deficient under D.N.M.LR-Civ. 15.1 because it did not include a proposed amended complaint. In view of the federal policy favoring amendment, see Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009), the court allowed Plaintiff until June 3, 2021 to file a proper motion accompanied by a proposed amended complaint.

ECF No. 44.  On June 3, 2021, Plaintiff filed an "Amended Complaint," ECF No. 45, without having received leave of court to do so.

Fed. R. Civ. P. 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of service of the complaint, or within 21 days of service of a responsive pleading or Rule 12 motion, whichever is earlier.  Outside of that permissive period, a complaint may be amended only with the opposing party's consent or the court's leave.  Fed. R. Civ. P. 15(a)(2); see also Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).  Although leave to amend should be freely granted, Fed. R. Civ. P. 15(a)(2), it may be denied "upon a showing of undue delay, . . . failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Bylin, 568 F.3d at 1229.  Leave to amend is futile when the amended complaint simply restates the allegations made in the original complaint or where the claims "would still be subject to dismissal even if amended."  Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1151 (10th Cir. 2013); Rumber v. Dist. of Columbia, 598 F. Supp. 2d 97, 102 (D.D.C. 2009).

Plaintiff's Amended Complaint was not filed within the permissive period. Plaintiff stated that counsel for the Gallup McKinley County School District Defendants did not oppose amendment.  ECF No. 40 at 1.  The Federal Defendants, however, did oppose the motion.  ECF No. 41.  Plaintiff therefore improperly filed the Amended Complaint before receiving the court's leave to do so.  The court declines to permit the amendment on that basis.

In any event, even if the court were to construe the Amended Complaint as a

renewed motion for leave to amend, the court finds that amendment would be futile. The Amended Complaint contains no additional allegations as to the Federal Defendants, and counsel for Plaintiff has already conceded that the original complaint failed to state a claim against the Federal Defendants.  ECF No. 40 at 1.  As to Gallup McKinley County Schools Superintendent Mike Hyatt, the Amended Complaint, like the original complaint, contains no allegations about his personal involvement in the alleged underlying constitutional violation, i.e., Plaintiff's removal from the Indian Education Committee. Indeed, many of the allegations in the Amended Complaint concern individuals who are not parties to this case.  Without allegations regarding Superintendent Hyatt's personal participation in the alleged constitutional violation, there is no basis for liability against him under § 1983.  See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). Because the Amended Complaint fails to plead additional facts that support Plaintiff's claims, Plaintiff's Motion to Permit Amendment is denied as futile without leave to amend.

      NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion to Permit Amendment, filed May 21, 2021 (ECF No. 40) is denied.

      DATED this 9th day of June 2021 at Santa Fe, New Mexico.

      /s/ Paul Kelly, Jr.
      United States Circuit Judge
      Sitting by Designation